IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FACTON LTD., )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:10cv1165 (AJT/JFA)
)
GSTARONSALE.COM, et al., )
)
    Defendants. )
)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Notice of Motion to Waive Service by Publication. (Docket no. 5) ("Motion to Waive Publication"). The Court has considered the motion, Plaintiff's memorandum in support (Docket no. 6), and the supporting declaration of Todd Martin with exhibits (Docket nos. 7, 8) ("Martin Decl."). For the following reasons, the Court will deny Plaintiff's Motion to Waive Publication.

### I. Background

On October 14, 2010, plaintiff Facton Ltd. ("Plaintiff" or "Facton") filed a Complaint against two domain name defendants, <gstaronsale.com> and <estarzone.com> (collectively, "the domain names") alleging violations of the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). Facton brought this action against the defendant domain names pursuant to the *in rem* provisions of the ACPA, 15 U.S.C. § 1125(d)(2)(A).

On February 11, 2011, Facton filed a Motion to Waive Publication seeking an Order of the Court waiving the publication requirement of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). (Docket no. 5). Facton argues that the Court should grant a waiver of the publication requirement

1

because Facton has provided notice to the registrants of the domain names of the pending action at both the email and postal addresses listed for the registrants in the WHOIS records. Facton states that it has attempted to send the registrant of the defendant domain name <estarzone.com> notice of this action ten times and has attempted to send the registrant of the defendant domain name <gstaronsale.com> notice of this action four times. (Docket no. 6 at 2-4). Facton states that it has demonstrated that many of its communications were successfully delivered to the registrants of the domain names. (Docket no. 6 at 5).

The declaration of Mr. Martin establishes that a letter advising the registrant of the domain name <gstaronsale.com> of Facton's intent to proceed with this lawsuit was successfully delivered via email to the address listed in the WHOIS record on October 1, 2010, but an attempt to provide notice to the postal address listed in the WHOIS record was unsuccessful because the address was incorrect. (Martin Decl. ¶ 16). On November 2, 2010, Facton attempted to provide the registrant of the domain name <gstaronsale.com> with a copy of the Complaint and all other documents filed in this action; the email attaching the Complaint and other documents was successfully delivered but an attempt to deliver the documents to the postal address was again unsuccessful. (Martin Decl. ¶¶ 17-18).

Mr. Martin's declaration establishes that the registrant of the domain name <estarzone.com> is using the internet privacy protection service NameCheap.com to hide his or her identity from public access. (Martin Decl. ¶ 4). Facton has unsuccessfully requested that NameCheap.com lift the privacy protection on <estarzone.com> so that the real parties in interest could be served. (Martin Decl. ¶ 10). Facton has attempted to communicate with the registrant through NameCheap.com and the privacy service has confirmed that two email communications

2

submitted have been forwarded to the domain holder of the <estarzone.com> domain name. (Martin Decl. ¶ 7, 13).

The contact information listed on the WHOIS record for the registrant of <estarzone.com> are a unique email address generated by NameCheap.com's WhoIsGuard service and a postal address of the WhoIsGuard service. (Martin Decl. ¶ 4). Mr. Martin's declaration states that two of four emails sent to the email address identified in the WHOIS record for the domain name <estarzone.com> were successfully delivered in that the sender received no delivery failure notification. (Martin Decl. ¶¶ 6, 8, 11, 14). One of the emails that were not returned as undeliverable attached a copy of the Complaint and all other documents filed in this action. (Martin Decl. ¶¶ 11, 14). Materials sent to the postal address listed in the WHOIS record for the domain name <estarzone.com> have been refused by the addressee. (Martin Decl. ¶¶ 6, 8, 12).

## II. Legal Standard

The ACPA provides for the filing of an *in rem* action if a plaintiff owner of a mark is not able to obtain *in personam* jurisdiction over a would-be defendant, or if the plaintiff is not able through due diligence to find a person who could be a defendant in an *in personam* action. The ACPA directs that service of process in an *in rem* action is to be accomplished by completing a two-step process. 15 U.S.C. § 1125(d)(2)(B). The ACPA provides that the following actions shall constitute service of process: "(aa) sending a notice of the alleged violation and intent to proceed [under the *in rem* provisions of the ACPA] to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; *and* (bb) publishing notice of the action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)-(bb) (emphasis added).

3

In some instances in the past, this Court has waived the publication requirement under the ACPA. In *Banco Inverlat, S.A. v. www.inverlat.com*, this Court held that the use of the phrase "as the court may direct" in the statute grants discretion to a district court "to excuse the requirement for publication in appropriate circumstances," and found it appropriate in that case to excuse publication under subsection (bb) since the plaintiff had provided actual notice to the registrant under subsection (aa). *Banco Inverlat, S.A. v. www.inverlat.com*, 112 F.Supp.2d 521, 523 (E.D. Va. 2000). This Court has also held that publication was unnecessary when the record reflected that the registrant of the defendant domain names had actual notice of the action. *Harrods Limited v. Sixty Internet Domain Names*, 110 F.Supp.2d 420, 422 (E.D. Va. 2000).

In other cases, however, this Court has construed the ACPA's publication element as mandatory, even when a plaintiff has provided actual notice of the suit to the registrant of the defendant domain name. *See INVESTools Inc. v. investtools.com*, 81 U.S.P.Q.2d 2019 (E.D. Va. 2006). In another case this Court reasoned that the discretion provided to the district court under the ACPA is limited to the manner in which notice is to be published and does not afford discretion as to whether publication must be effected at all. *Shri Ram Chandra Mission v. sahajmarg.org*, 139 F.Supp.2d 721, 723-24 (E.D. Va. 2001).

### III. Analysis

For the reasons set forth below, the undersigned finds that when a plaintiff proceeds under the *in rem* provisions of the ACPA, notice of the action must be published in a manner directed by the Court even when the registrant of the defendant domain name has actual notice of the suit. In an *in rem* action the defendant is the domain name, not the registrant of the domain name. An *in rem* action is a proceeding to determine the rightful ownership of the *res* – in this case two domain names. As in any *in rem* action there may be multiple parties claiming rights in

the property subject to the proceeding and the issue presented to the Court in an *in rem* action is to determine which claimant, among all potential claimants, is entitled to the *res*.

The legislative history of the ACPA recognizes that the concept of *in rem* jurisdiction has been in existence since before the Supreme Court's decision in *Pennoyer v. Neff*, 95 U.S. 714 (1877); that the *in rem* provisions of the ACPA reinforce the view that *in rem* jurisdiction has continuing constitutional vitality; and that *in rem* proceedings may be used by trademark owners to assert claims of ownership of a domain name. 105 CONG. REC. S14714 (November 17, 1999) (statements on introduced bills and joint resolutions). Congress recognized that a significant problem faced by trademark owners in fighting cybersquatting is the fact that many cybersquatters register domain names under aliases or otherwise provide false information in their registration applications in order to avoid identification and service of process by the trademark owner. By authorizing *in rem* jurisdiction with the limited remedy of an injunction ordering the forfeiture, cancellation or transfer of the domain name, Congress provided a means for trademark owners to obtain ownership of the *res* (domain name). In establishing this *in rem* proceeding under the ACPA, Congress also provided a mechanism for effectuating service of process, recognizing that the notice should be provided to the registrant (a known claimant) and that notice should be provided to the public by publication. 15 U.S.C. §§ 1125(d)(2)(B) and 1125(d)(2)(A)(ii)(II)(aa) and (bb).

Providing notice to known claimants and to the public by publication in an *in rem* proceeding is an established practice. The Court of Appeals for the Fourth Circuit has recognized that "[b]ecause *in rem* actions adjudicate rights in specific property before the court, judgments in them operate against anyone in the world claiming against that property" and that a judgment in an *in rem* case "foreclose(s) any person from later seeking rights in the property

subject to the *in rem* action." *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957-58 (4th Cir. 1999). "*In rem* actions only require that a party seeking an interest in a *res* bring the *res* into the custody of the court and provide reasonable, *public notice* of its intention to enable others to appear in the action to claim an interest in the *res*." *Id.* (emphasis added). In other *in rem* proceedings, notice to the general public is generally considered necessary in order for the Court to be in a position to adjudicate all potential claims to the *res*. *See* Fed. R. Civ. P. C(4) (requiring public notice as part of an admiralty *in rem* proceeding); Local Admiralty Rule (C)(3) (requiring publication in a local newspaper); Fed. R. Civ. P. G(4) (providing for public notice in forfeiture actions *in rem*).

While sending a notice of an action to the email and postal addresses of the registrant provided to the registrar in compliance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) may provide adequate notice to the *registrant* of the domain name, it does not provide public notice of the action to any and all potential claimants of the *res* as needed in an *in rem* proceeding. In order to provide notice of this *in rem* proceeding to the public, it is necessary to publish notice of this action.

Publication in this case is also appropriate because there is no direct evidence that the registrants have received actual notice of this action. In the cases in which this Court has waived the publication requirement the evidence of actual notice included a response from the registrant to the plaintiff following the delivery of the notice. While Facton has complied with the requirements of subsection (aa) by attempting to deliver notice of the action by email and to the postal addresses of the registrants, it has not demonstrated that the registrants of the defendant domain names have received actual notice of this action.

For these reasons, it is hereby

ORDERED that the Motion to Waive Publication is denied and an Order of Publication will issue.

Entered this 17th day of February, 2011.

/s/ JFA
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia